Ms. Donner. Good morning, your honors. Good morning. I'll be discussing the district court's failure to instruct on the jury on official duty and the prosecutor's improper argument to the jury identifying Mr. Fernandez's official duties without legal or factual basis. I'll be arguing that the lack of instruction on official duty coupled with the prosecutor's misinformation regarding the official duties at issue in this case resulted in jury confusion about the appropriate application of the civil rules and regulations that the district court did instruct on. I'll start with a discussion of official act because there is a body of case law regarding official act. That body of case law . . . Yeah, but it doesn't apply here. The charge here is not about an official act. It's about an official duty, right? That's correct, your honor, but the case law including McDonald and this court's opinion in Mayweather discussing the official act requirement are applicable and analogous here. How are they? It's a different term. To me, official duty is . . . you could take the ordinary meaning of it. Official act is a confusing term in a way that it seems to me official duty is not. I would submit the opposite, your honor, and I believe that duty especially from a jury's perspective is a much more nuanced term and obscure than act. Counsel, just sort of following up on that line of questioning, would you agree that official duty has a different meaning than official act because it's used in basically the same statute, different provisions, but it's not the same term? Yes, I do agree. How does the case law then on official act provide us with any insight into the meaning of official duty? For example, in Mayweather, this court determined that the failure of the district court to define official act whatsoever could result in the statute being unconstitutionally vague. The reason why it wasn't unconstitutionally vague is because there is this definition of official act in the statute and here, we have official duty, which is another term in the statute that requires some definition. I understand what you're saying, but here's the thing, your client's requested instruction basically tracked the official act language, didn't it? It did. How is that a correct statement of the law, even taking as assumed that there had to be some kind of definition if you asked for one? I think that highlights exactly why there needs to be a definition of official duty. But the one you gave the district court was a different term. You've agreed to that just at the beginning of Judge Rosenbaum's questioning. That doesn't help. That happened in Mayweather too. In that case, the district court determined and this court determined also that the instruction provided by defense counsel was not appropriate, but notwithstanding that, your honors reversed the conviction in that case and determined that the failure to wholly define official act in that case, and in our case, it's official duty. The issue is what did the jury understand that Mr. Fernandez's official duties were? The government argued that the official duties were all of those duties contained in the civil rules and regulations that were introduced at trial and testified to.  If you have a job, a public job, it's whatever you're required to do by holding that job or you're required not to do. It would depend on the facts of the case in terms of what kind of public office you're talking about and the proof you put on about what your job requirements are, either job or official act or refrain from doing something, and they put on the evidence. I'm having a hard time understanding why that ordinary meaning of duty would create any kind of problem like you have in McDonnell. In this particular case, the government introduced a plethora of civil rules and regulations as I mentioned and included in those rules and regulations was that an airline safety inspector must exercise good judgment and professional behavior while on and off duty and adherence to the Constitution. Those kinds of terms are the terms that both McDonnell in the Supreme Court and your honors in Mayweather determined were vague, so vague that they implicate unconstitutional vagueness concerns. In this particular case, what would have been appropriate and was necessary for the district court to do was to define exactly the official duties which could have been and should have been certain civil rules and regulations that were relevant, but instead the government argued that all of Mr. Fernandez's job responsibilities including as I mentioned his job responsibility to exercise professional behavior and good judgment were included within those job responsibilities. Those kinds of concepts are not appropriate for a criminal offense. What should have been done is the district court should have instructed the jury as to those rules and regulations that were appropriate for the jury to consider in order to find Mr. Fernandez guilty of a criminal offense. In Mayweather, didn't we emphasize the fact that the government's reading of official act there as quote nearly anything a public official accepts from a campaign contribution to lunch counts as a quid and nearly anything a public official does from arranging a meeting to inviting a guest to an event counts as a quo was just too broad for what is otherwise a vague, I mean official act is kind of a vague term and that this definition was just way too broad. It seems like getting back to what Judge Pryor has mentioned, official duties that seems to be a much more readily understandable term. I mean everybody who works has official duties that they must do and it seems to have an connotation to it. Why is that not the case? Well, first of all, in Mayweather, as Your Honor mentioned, the problem in that case was that there was no definition whatsoever of official act and what the government did was they argued without any authority from the court what the official act was. We have that same situation here, so whether or not there's a distinction between, which I admit there is a distinction between official duty and official act, here the government argued what Mr. Fernandez's official duties were without having an instruction by the district court and again, there is a difference between act and duty. I submit that from a jury's perspective, that difference and the nuances of duty are just as problematic as act and that the failure, complete failure to provide the jury a definition of official duty in this case . . . What is the definition then that you think that the district court should have provided in light of the fact that your client gave an incorrect definition? The district court should have provided an instruction on the specific civil rules and regulations that Mr. Fernandez violated that could have resulted in a violation of the bribery and related statutes. You didn't ask for an instruction that did that, right? Again, because there's no . . . there's nothing in the law that assists . . . I'm not asking for an argument. It's really a yes or no question. You didn't ask for an instruction that did that. I did not and neither did the defense counsel in Mayweather. They did not ask for the appropriate jury instruction and I would submit that the confusion is that defense counsel does not know what to submit to the jury because there's no case law. There's nothing in the statute defining official duty. Okay. Your time's expired, but you've saved five minutes for rebuttal, Ms. Donner, so let's  Thank you, Your Honor. Good morning, Your Honors, and may it please the court. My name is Janae Hernandez and I represent the United States. With me at counsel table is AUSA Mike Davis who tried the case with me in district court. The appellant's entire position in this case boils down to the idea that official act and official duty are the same thing. Opposing counsel just said that she concedes that they're not the same thing and the argument that she's making is that under Mayweather when official act wasn't defined that we said that you have to define it. It's a vagueness problem. Why isn't that the case here? Of course, they're saying that these are two different terms, but their argument is resting on the idea that they're exactly the same thing and I believe the language that they used in the district court was that the terms are interchangeable. Their reasoning hinges on the idea that these two terms are going to be treated the same way and their reliance on Mayweather reflects that dependency. In Mayweather, the question was- I mean, I understand what you're saying and that is how I understood the argument previously, but as I'm now understanding the argument, it seems to me that your friend on the other side is arguing instead that regardless of whatever we may have argued in the district court, under Mayweather, the court has to provide some kind of instruction about what is meant by, of course, in that case it was official act, but here official duty you can't just leave the jury on its own to decide what it means and so I wonder if you want to address that argument. And here's how they're misreading Mayweather. Mayweather, because it involved a term that was defined by statute and elucidated by various courts, including the Supreme Court, there was the need to provide that instruction to the jury because it takes the term outside of its common understanding, but as defense counsel has acknowledged in its argument here today, there is no such body of case law and there is no statutory definition for official duty and therefore canons of legislative construction I think may be applied and say, hey, this is not a term that has a specific meaning. It's common understanding controls and even some of the cases- It doesn't have a specialized meaning, a technical meaning. It has a specific meaning, right? Precisely. And there's been no suggestion here from your adversary that there is any kind of specialized meaning. There is not and in fact, if I'm understanding my friend's argument correctly, it seems like what they're proposing isn't a definition per se. It's really something that usurps the role of the jury. What counsel is suggesting is that the court of its own accord pick and choose which policies apply and instruct the jury as to which policies, which guidances apply with respect to a particular defendant in a particular case and we know that that usurps the role of the jury. That's impermissible. To the extent that they could provide an understanding of it, it would have to be the common sense understanding provided by your honor this morning. It's just a set of whatever bounds a government official's conduct within their role, their responsibilities in a position and that is precisely what was argued below and by reference to these policies and by reference to these guidances, the jury was properly instructed as to the facts or excuse me, as to the law and then they used those facts that were introduced in evidence to guide their decision. So I would say- Can I ask you a quick question about, I don't know that this really matters for this particular case but it might matter for a future case. One of the issues that opposing counsel raises that I think has some weight to it is the idea that look, there could be a prosecution where the government says one of your official duties was to treat people fairly and you didn't treat people fairly. You were bribed to give someone special treatment and that that kind of ambiguous or vague or broad sort of official duty could be used to prosecute somebody. What do you say about that? I would say, I think their argument there is resting on Moorlang. Moorlang said you can't have such vague duties that they really lack any all meaning and my answer to that would be why would someone bribe someone to say be inefficient or waste government resources? Think about it this way. So in McDonnell, the Supreme Court case, the issue there was whether the governor could be prosecuted for official act bribery for setting up meetings with people. Could that prosecution have instead been, well the governor violated his official duties by giving special treatment to campaign contributors, right? Could you just get to the same result for exactly the same action on the theory that his official duties are to not favor campaign contributors? I think that's possible. I think the McDonnell prosecution may have been brought under subsection C and obviously it depends on the facts. If the bribes were specifically targeted, because there is that quid pro quo element even in subsection C where if the vitamin company had told the governor, hey, I want special treatment. I want to be placed next to X regulator at a conference and there were a policy in place bounding the governor's duties in such a way, then I think it is possible. But as your honor indicated, that's a very different scenario from what we have here. I know my friend argued that some of the policies that we introduced were too nebulous to be instructive. What was argued at opening or excuse me, what was outlined at opening and argued at closing was very concrete. In fact, some of the policies that we introduced were specifically blessed by Moreland. Moreland specifically says in so far as the instruction given to the jury involved specific mandates such as prohibiting receipt of any salary from a private source as compensation for services or using public office for private gain. There was no error on the part of the district court and those were two of the official duties that we outlined. So as I understand it, official duty from your perspective has an ordinary meaning. If you have a job and you're either required to do something or required to refrain from some act, that would be a duty. And then this is just bribery, which is a very old crime and it's incumbent upon the government to prove beyond a reasonable doubt that the public official took a bribe in return for doing something that was in violation of the duty. That is either doing something that they were required not to do or not doing something that they were required to do, right? That's absolutely right and that keys into one of the elements of subsection C, which specifically indicates that the bribery is for either doing something or not doing something, which is, again, another problem with the defense's proposed definition for official duty at the lower, at the district court level. They proposed a definition that essentially only limited the scope of official duties to an act, thereby ignoring an entire subsection of, excuse me, an entire provision of subsection C, which says the omission of an act can also violate an official duty. So, again, I would say- But given the ordinary meaning of the term, then it just really becomes a jury question whether you proved the facts that support that charge, huh? Absolutely, and the cases cited by both the government and the defense indicated that courts are very comfortable with allowing those kinds of decisions to go to a jury and they are, in fact, a factual question. As acknowledged by the defense, the question of whether, of which official duties were violated is something that rests entirely with the jury. It's a factual question. Is that how you would propose to resolve the, this kind of nagging problem about broad or ambiguous duties that, you know, it just becomes a factual question to the jury and the defense can argue that even though the policy statement says to treat everybody fairly, that that's not really an official duty? There's a few ways, Your Honor, that that's bounded. First, the statute isn't just, have you violated a duty? The statute says, you know, with a corrupt purpose, have you violated a duty for a bribe? Has there been that exchange of monies for the violation? So if the government were to get up and argue to the jury, you know, he hasn't been showing up on time. That's a violation of his duty. And there's really no quid pro quo, right, for that purpose. That fails. That's a failure of proof. But it's not a failure of instruction, and I think that is a key difference here. It's not a matter of whether the instructions given to the jury are vague or not useful. That's really more of a proof issue. And again, that is a very different case from what we had here, where you had- Well, I mean, here you have someone who's working, you know, he's, to put it in the fairest, or maybe the light most favorable to the defendant, he's working two jobs, right? I mean, he's, you know, so there's obviously quid pro quo in the sense he's working two jobs. He's getting money for working for this other employer. The question is whether working for this other employer violates official duties of the government employer. And I guess, I mean, the hypothetical I'm thinking of is, you know, you're a normal government employee, you're working two jobs, you're prosecuted, and the question becomes, well, was there something in working that second job that violated your official duties or not? And I could see a policy statement that says something like, you know, employees should dedicate their full effort to the government job that they're working, or something like that, right? I mean, how do you know whether that's a violation of an official duty or whether it's not? So I think there's, there's, which again, that's probably not this case, but I mean, bear with me. Certainly, certainly. And I think the answer to that is, is not very complicated. So again, it refers to what I said earlier, there's how official duty can help you avoid an ambiguity or avoid the jury not understanding what you're talking about. And then there's something different, which I think is what the court is asking is whether a certain set of facts really meet the charge of 201 bribery. In this case, what the defense is asking for is a particular definition of official duty that really wouldn't help at all with the court's question here, because very likely, the defendant's proposed definition would fit, would include within it a set of rules that say, hey, you will not work for an outside employer. That's a duty. That's a violation. Now the question is, is there a corrupt purpose in violating it? And has there been a bribe to violate it? In the court's example, let's say that, you know, Manuel Fernandez had gone to work at McDonald's part time. And let's say that there's a policy that says you shall not work at McDonald's specifically for some reason. Well, that's a violation of a duty. Is it a bribe? No, it's not a 201 violation because there is no corrupt purpose in entering into that employment contract, and because there's no bribe. The payment is a wage. It's not for the purpose of getting inside information, i.e. the component maintenance manuals. It's not for the purpose of being tipped off as to when inspections are coming. And it's not for the purpose of getting inside information on competitors. So that's the key distinction. And again, I emphasize, that's not a definitional question. That's whether the other elements of the statute... the job at McDonald's would have required him to either do or fail to do that would have been a violation of an official duty either. That's absolutely right, which is why I had to put in a special hypothetical duty. The policy manual specifically says not to work at McDonald's. That's what it says. I understand. Right. Just really twisting that. It's just hard to imagine. Maybe, maybe someone at the FAA doesn't like cholesterol. I don't know. Right. But really, I think that's the distinction. It's not a definitional question. It's a matter of the factual scenario. If the court has any other questions, I'm happy to answer them. But if there are no other questions, I would ask that the court affirm the district court's... the jury verdict and the district court's rulings. Thank you. Okay. Ms. Donner, you save five minutes. Thank you. The judge's instruction in the court below was that the jury was only to use the civil rules and regulations to determine the criminal intent of Mr. Fernandez. But that's not what the government argued to the jury. The government argued that the civil rules and regulations were Mr. Fernandez's official duties. I don't think that's exactly what the district court instructed the jury. I'm reading the instruction. I caution, you've heard evidence regarding FAA civil rules and regulations covering sick leave. I caution you, a violation of these civil rules and regulations is not a crime. This is not a civil case. The defendant's not on trial for civil violations. The defendant cannot be convicted of a crime merely for breaching civil statutes or regulations. However, FAA rules and regulations may be relevant in determining whether the defendant acted with criminal intent to commit the crimes charged in the indictment. That is how you may consider the evidence. That's the instruction, right? That's correct. Where's the error? The error is in that's not how the government used the civil rules and regulations. That's not a jury instruction error. In this case, we're arguing not only did the district court fail to instruct the jury, but the government committed prosecutorial misconduct by arguing to the jury that every civil rule and regulation applicable to an airline safety inspector was an official duty. That's not what the court instructed. I would point out that Judge Brasher's discussion of Mr. Fernandez's outside employment and that violation of the rules and regulations was relevant and important to the false statement account, but I think that Judge Brasher, respectfully, is confused as the jury must have been confused about what were the official duties that the government was arguing Mr. Fernandez violated under the bribery statute. They were not arguing under the bribery statute that his outside employment was part of that. The reason why they weren't arguing that is because the monies that the Suarez's, the owners of Avcom were paying for Mr. Fernandez's work was not in consideration of violating his official duty. Those were in consideration of his services rendered. So there was a distinction that the government drew, but it was not apparent to the jury nor even to this court and the outside employment was a feature of the government's case. They spent a lot of time showing video evidence of Mr. Fernandez sitting in the office at the time and a plethora of video and argued that throughout the case and especially in closing argument. There is no question, as your honors may be confused, the jury was confused about what were the official duties that the government was arguing were relevant to the bribery counts. And getting back to the constitutional issues, I think this court's instruction or comments to the instruction in the honest services bribery statute, which discusses McDonald and provides that the Supreme Court in McDonald rejected the argument in the honest services statute that it was unconstitutionally vague because of the application of the definition of official act cured any vagueness concerns. And we have the same issue here. The failure to give any instruction to the jury as to official duty resulted in the statute regarding which Mr. Fernandez was convicted unconstitutionally vague. And we would ask your honors to reverse the convictions of Mr. Fernandez in this case. Thank you, Ms. Donner. We have your case. We'll move to the next one.